UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMATOU OMOROU,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No. 1:26-CV-06109-DJC-CSK<br><br><u>RELEASE ORDER</u><br><br>A#: 226-164-879 |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE"). Petitioner is a citizen of Togo who has been detained continuously since being apprehended upon entry to the United States on May 6, 2025. (Opp'n, Ex. 1 (ECF No. 6-1) at 2). Respondents are detaining Petitioner under 8 U.S.C. § 1225(b), which they argue mandates her detention while her removal proceedings are pending. (Opp'n (ECF No. 6) at 2–3.) Petitioner contends that her continued detention violates the Due Process Clause of the Fifth Amendment. (Pet. at 2.)

Petitioner's Due Process claim is similar to ones this Court has already addressed. This Court has previously joined other districts in concluding that the

unreasonably prolonged detention of individuals under section 1225(b) without a bond hearing can violate the Due Process Clause. *See Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *see also Choudhary v. Chestnut*, No. 1:26-cv-01770-DJC-CKD, 2026 WL 816711 (E.D. Cal. Mar. 24, 2026); *see also Martinez v. Clark,* No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted* 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (quotation omitted).

To determine if Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews,* No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. Jul. 14, 2025).

Petitioner has a clear liberty interest in her freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation will continue for a protracted and indefinite period, Petitioner has established her liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

To determine what process is due, the Court finds it "most appropriate to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past." *Sandesh v. LaRose*, No. 3:26-cv-00846-JES-DDL, 2026 WL 622690, at *3 (S.D. Cal. Mar. 5, 2026) (collecting cases). Under the *Banda* test, courts weigh the following factors to ascertain when prolonged detention

violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019).

First, the length of detention, which is "the most important factor," weighs in Petitioner's favor as Petitioner has remained detained since May 2025, over eighteen months. *Zadvydas*, 533 U.S. at 701. That length of time exceeds that other courts in this Circuit have found sufficiently prolonged to warrant relief. *See, e.g., Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025) (ordering bond hearing for noncitizen detained under 8 U.S.C. § 1226(c) for 13 months); *Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weigh toward a finding that it is unreasonable" and collecting cases).

The second factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. Petitioner was ordered removed by an Immigration Judge and has filed a timely appeal with the Board of Immigration Appeals, which is currently pending. (Pet at 1.) Furthermore, either party may seek Ninth Circuit review of the Board of Immigration Appeals' decision. Therefore, Petitioner faces indefinitely prolonged detention while administrative and potentially judicial appeals of her removal order are decided, and this factor weighs in Petitioner's favor. *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to

predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third factor considers the conditions of the detention facility where Petitioner is detained. *Martinez*, 2019 WL 5968089, at *9. "The more that conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id.* (citation omitted). "[T]he circumstances of [noncitizens'] detention are similar, so far as we can tell, to those in many prisons and jails." *Jennings v. Rodriguez*, 583 U.S. 281, 329 (2018) (Breyer, J., dissenting). Moreover, the Ninth Circuit has noted "evidence of subpar medical and psychiatric care in ICE detention facilities." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). Petitioner has reported that "[e]very day has been difficult" during her detention, which has last over a year and a half. (Suppl. (ECF 9) at 1.) She reports deprivations of food; unhygienic shower and bathroom facilities covered in mold; constantly itching skin throughout her body; cold temperature and constant noise; and deprivations of medicine leaving her in "severe pain" that gets "worse every day." (*Id.* at 1–3.) Petitioner further reports that she has entered sick calls to seek help but has been denied care for both her physical and mental symptoms. (*Id.* at 3.)

The fourth and fifth factors consider the nature and extent of any delays in the removal proceedings caused by Petitioner and the Government, respectively. Courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable" and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." *See Martinez*, 2019 WL 5968089,

at *10. "Petitioner is entitled to raise legitimate defenses to removal . . . and such challenges to [her] removal cannot undermine [her] claim that detention has become unreasonable." *Id.* at *10. And although Petitioner points to no steps the Government has taken in bad faith to delay these proceedings, to the extent any delay is caused by the immigration court and BIA's processing times, this delay is attributable to the Government. *Id.* Thus, the fourth factor is neutral and the fifth favors Petitioner.

Finally, the sixth factor is neutral as the Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of the factors favors Petitioner. Four of the six factors weigh in Petitioner's favor and two are neutral. Stated differently, every load-bearing factor supports Petitioner while none weigh in the Government's favor. Having established Petitioner has a liberty interest and determined that her prolonged and indefinite detention entitles her to process, the Court orders Petitioner's immediate release from custody.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is granted.
2. Respondents are ordered to immediately release Petitioner Fatimatou Omorou from custody and return all of Petitioner's documents and possessions.
3. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent

compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. Respondents shall file a status report within five (5) days confirming Petitioner's release.
5. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10– Omorou-1.26-cv-06109.merits